**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq. NJ Attorney ID No.: 33439
105 Morris Avenue – Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile
pwt@till-law.com
*Attorneys for Plaintiff, Wilfredo Pagan*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILFREDO PAGAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A.P. MOLLER-MAERSK CORP., INTERNATIONAL LONGSHOREMAN'S LOCAL 1235, APM TERMINALS ELIZABETH, LLC, BRANDON GARCIA, JOHN WILLIAMS, MARK PROCACCINI, FRANK AGOSTA, SUSAN WINFREE, JOHN/JANE DOES 1-10,<br><br>　　　　　Defendants. | Civ. Action No. 2:24-cv-09564-BRM-JBC<br><br>**CERTIFICATION OF PLAINTIFF'S COUNSEL IN OPPOSITION TO DEFENDANT'S MOTION FOR <u>DISQUALIFICATION OF COUNSEL</u>** |

**PETER W. TILL**, hereby certifies as follows:

　　　1.　　I am an attorney-at-law of the State of New Jersey, and counsel for the Plaintiff, Wilfredo Pagan. As such, I am fully familiar with this matter and the facts and circumstances set forth hereinbelow.

2. Since 1974, I have maintained my legal practice with a concentration in both criminal and civil litigation in both New Jersey State and Federal Courts. I am admitted to practice in several federal jurisdictions, including the District of Columbia, New York, Pennsylvania, Vermont, and California. I address primarily white-collar criminal defense and complex commercial litigation.

3. I have also previously represented various individuals in administrative proceedings before the now changed Waterfront Commission of New York Harbor, many of whom were accused of associating with organized crime figures.

4. In August 2018, Mr. Garcia engaged my law firm in connection with an invitation and interview with the late Honorable Joel Pisano, U.S.D.J. (Ret.), in his role as the Ethical Practices Officer of the International Longshoremen's Association.

5. Annexed hereto as **Exhibit "A"** is a true and accurate copy of the August 29, 2018 correspondence that Mr. Garcia received from Judge Pisano.

6. It was well advertised that Mr. Garcia had recently announced his intention to run for the office of President of Local 1235. Judge Pisano deemed it necessary to address the allegation of association with anyone on the ILA "Barred List," including members of Mr. Garcia's own family, who were alleged organized crime figures.

7. Annexed hereto as **Exhibit "B"** is a true and accurate copy of the 2011 Barred List.

8. Upon the conclusion of the interview on September 6, 2018, Judge Pisano confirmed the attendees as Mr. Garcia, myself as Mr. Garcia's counsel, Caitlin P. Cascino, Esq., an associate at Walsh Pizzi O'Reilly Falanga, LLP, and Judge Pisano, presiding.

9. Mr. Garcia clearly expressed his intention as a candidate for President of ILA Local 1235.

10. Mr. Garcia was ultimately elected as President of ILA Local 1235 in October 2018, and finally took office in January 2019.

11. My representation of Mr. Garcia was confined to preparatory matters leading up to Judge Pisano's interview and certainly seeking to preclude any potential criminal exposure that could result from Mr. Garcia's responses to Judge Pisano's inquiry. The representation specifically consisted of client conferences, telephone conferences, preparation, and the subject interrogation by Judge Pisano.

12. I have not conferred with Mr. Garcia since 2018, whereafter his file was archived.

13. To be absolutely clear, "the strategy and the role of a union officer as representative of the bargaining unit under the terms of the ILA Constitution, the ILA Local 1235 bylaws, and the local collective bargaining agreement," as Mr. Garcia has now chosen to self-servingly characterize the scope of this law offices aforedescribed and targeted representation.

14. It is well settled that a lawyer who has represented a client in a manner shall not thereafter represent another client in the same or substantially related manner in which that client's interests are materially adverse to the interests of the former client without the former client's consent. N.J. R. Prof. Conduct 1.9(a).

15. Under N.J. R. Prof. Conduct 1.9(a), the moving party must demonstrate that (1) he or she is a former client of the adverse party's attorney; (2) a substantial relationship exists between the subject matter of the former matter and the current matter; and (2) the

3

interests of the attorney's present client are materially adverse to the former client. City of Atlantic City v. Trupos, 201 N.J. 447, 462 (2010).

16. To the point and in opposition to Mr. Garcia's application for disqualification, Matters are "substantially related" only if (1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client, or (2) facts relevant to the prior representation are relevant and material to the subsequent representation. Id.

17. As Mr. Garcia presently seeks, movants seeking disqualification bear the burden of demonstrating why a client should be deprived of his or her choice of attorney. Accordingly, "disqualification motions require careful scrutiny of the underlying facts and a 'sense of practicality' to avoid unjust results. Carreno v. City of Newark, 834 F.Supp.2d 217, 224 (2011). "Disqualification must generally be based in 'fact,' and 'surmise alone cannot support an order of disqualification.'" Id. (citing Trupos, 201 N.J at 464, 469).

18. Similarly, in the certification annexed to his motion to disqualify, Mr. Garcia fails to disclose any information that was provided that could prejudice in any way his interests as a defendant in this litigation.

19. The subject of this litigation centers around events that began in 2022, long after my representation of Mr. Garcia concluded and his election as President of ILA Local 1235 in October of 2018.

20. The actions taken by Mr. Garcia unquestionably occurred individually and in his capacity as President and chief advocate on behalf of ILA Local 1235.

21. Mr. Garcia's specific advice to the Plaintiff not to file a formal grievance, not to retain legal counsel, and not to proceed with an appeal of the grievance decision are not connected to the 2018 inquiry as to Mr. Garcia's ethical qualifications to run as a candidate in the 2018 ILA Local 1235 presidential election or any potential criminal exposure that could arise from the interview with Judge Pisano.

22. Instead, Mr. Garcia mistakenly appears to be applying the old legal standard of appearance of impropriety that was abandoned in 2004 when the New Jersey Rules of Professional Conduct were updated, rather than current law, which requires disqualification based on an actual conflict or potential conflict of interest. "Conflicts must be actual and not merely appearance based," State v. Hudson, 443 N.J. Super. 276, 292 (2015), and "the appearance of impropriety standard no longer retains any continued validity." Id. (quoting In re Supreme Court Advisory Comm. On Prof'l Ethics Op. No. 697, 188 N.J. 549, 568 (2006).

23. Most respectfully, the subject of evaluating a prior representation cannot be decided on Mr. Garcia's empty and otherwise sparse record. Hudson, 443 N.J. Super. at 291.

24. Accordingly, the Court ought, without more, allow the representation of the Plaintiff to go forward.

**I CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT.**

By: /s/Peter W. Till
Peter W. Till

Dated: October 30, 2024

# EXHIBIT A



**WALSH**

One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

WALSH.LAW

Joel A. Pisano
Direct Dial: (973) 757-1035
jpisano@walsh.law

August 29, 2018

**VIA FEDEX (OVERNIGHT DELIVERY)**
Brandon Garcia
45 Laurel Drive
Springfield, New Jersey 07081

Re: ILA Local 1235 – Officer Candidacy

Dear Mr. Garcia:

As you may be aware, I serve as Ethical Practices Officer of the ILA. As such, I have the responsibility to ensure that members and officers, or candidates for office, of any ILA Local remain aware of their obligation to refrain from any prohibited conduct as defined in the ILA Constitution, including the knowing association with anyone named on the ILA "Barred Persons" list.

I have been made aware that you intend to run for the presidency of Local 1235. I also understand that you have a familial relationship to Silvio DeVita, who is a former officer of the Local and who is named on the ILA "Barred Persons" list. Because of your relationship with Mr. DeVita, it is necessary for me to speak to you in order to inquire as to the nature of your contacts with him. If your relationship is purely familial or social, there should not be an impediment to your candidacy. Please understand that I routinely conduct this type of inquiry with individuals who run for union office or who are being considered for employment by the ILA. And, I will likely interview others who may run for office of Local 1235.

I therefore invite you to come to my office to discuss this matter. I propose a meeting Thursday, September 6, 2018 at 10:30 am. Please advise if that date and time is convenient you, and I look forward to meeting you.

Very truly yours,

s/ Joel A. Pisano

Joel A. Pisano

cc: Kevin Marrinan, Esq. (kmarrinan@mmmpc.com)

# EXHIBIT B



# INTERNATIONAL LONGSHOREMEN'S ASSOCIATION • AFL-CIO

17 BATTERY PLACE, SUITE 930, NEW YORK, NEW YORK 10004-1261 • (212) 425-1200 • FAX (212) 809-7934 • FAX (212) 809-6826

Richard P. Hughes, Jr.
*President*

June 6, 2011

TO:   All ILA Locals

Re:   Barred List

Dear Sirs and Brothers:

The ILA's Ethical Practices Counsel, Judge Mollen, has forwarded an amended list of "barred individuals" pursuant to Article VI of the ILA Code of Ethics. No officer should knowingly associate with any of the individuals who have been placed on the barred list. I enclose a copy for your files.

Fraternally yours,

Richard P. Hughes, Jr.
*President*

6
enc.

cc:   Mr. Harold J. Daggett, Exec. Vice-Pres., ILA, AFL-CIO
      Mr. Robert E. Gleason, Sec.-Treas., ILA, AFL-CIO
      Mr. Benny Holland, Jr., Gen. Vice-Pres., ILA, AFL-CIO
      Mr. Gerald Owens, Gen. Org., ILA, AFL-CIO
      Mr. John D. Baker, Asst. Gen. Org., ILA, AFL-CIO
      Hon. Milton Mollen
      Marrinan & Mazzola Mardon, P.C.

1003-060
17577

WCNYH706

# ETHICAL PRACTICES COUNSEL'S LIST OF "BARRED PERSONS"[*]
## AS REVISED JUNE 2011

**Name**

Andretta, Stephen

Angelone, John

Aponte-Figueroa, Jorge

Astuto, Louis

Aulisi, Edward

Barbato, John

Bello, Aniello "Sonny"

Bellomo, Liborio "Barney"

Bilancione, Carlo

Bohn, Denise

Bondi, Richard "Richie"

Brancato, Jerome ("Jerry")

Buzzanca, Daniel

Buzzanca, Thomas

Cafaro, Thomas

Carson, Donald

Cassarino, Primo

Castellano, Anthony

Cernadas, Albert

Cetrulo, Joseph

Cetrulo, Salvatore

Chirico, Joseph

Ciccone, Anthony "Sonny"

Colandrea, Salvatore

---

[*] See Appendix B to the ILA's Code of Ethics for a definition of the term "barred person," and for a discussion of the prohibition against associating with a barred person.

1003-060

16609

WCNYH707

Name

Colucci, Vincent
Coonan, James
Coppola, Michael
Corozzo, Joseph a.k.a. Nicholas (not Joseph R. Corozzo, Jr., Esq.)
Dellamonica, James
Depiro, Stephen
D'Errico, Anthony
Esposito, Ralph
DeVita, Silvio
Failla, James "Jimmy Brown"
Falcetti, Pasquale
Fappiano, Frank
Figueroa, Jorge Aponte
Furina, Nicholas
Gallagher, Anthony
Gallo, Mario
Gambino, Thomas "Tommy"
Gardner, Carol
Gigante, Andrew
Gotti, Eugene "Gene"
Gotti, Jr., John (aka John Gotti III)
Gotti, Peter
Gotti, Richard G.
Gotti, Richard V.
Granata, Anthony
G'Sell, Eugene
Greco, John
Grecco, John

2

1003-060
16609

me

Grecco, Peter

Guadagno, Gerard "Fat Jerry"

Hurley, William

Juliano, Joseph

Juliano, Richard

Kelly, Kevin

Klein, Rick

Lachnicht, George

Lagana, Gregory

Longo, Alan

LoPorto, Manuel "Manny Butch"

LoRe, Joseph

Malangone, Alphonse "Ally Shades"

Mangano, Venero "Benny Eggs"

Marino, Daniel

Martino, Nicholas

Mazzara, Philip

Muscarella, Ernest

Nasso, Julius

Nasso, Vincent

Occhipinti, Vincenzo

Pansini, Anthony

Pelleccia, Joseph

Piacenti, Peter

Pizzonia, Dominick

Pugliese, Joseph

Queli, Joseph

Rackley, Thomas

| Name |
|---|
| Rago, Douglas |
| Ragusa, Michael |
| Romano, Nicholas |
| Ruggiero, Matteo |
| Saccenti, Louis |
| Sanchez-Bencon, Eduardo |
| Sanchez-Bencon, Fernando |
| Scarpaci, Red |
| Scarpaci, Robert |
| Sciandra, Carmello "Carmine" |
| Scollo, Frank "Red" |
| Scotto, Anthony |
| Sosa-Hernández, Enrique |
| Tarengelo, Peter |
| Terraciano, Blaise ("Blaze") |
| Tuzzo, Charles "Chuckie" |
| Vaccarezza, Carlo |
| Vallario, Louis "Big Lou" |