UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILFREDO PAGAN**,<br><br>Plaintiff,<br><br>v.<br><br>**A.P. MOELLER-MAERSK, CORP.**, **INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1235, APM TERMINALS ELIZABETH, LLC, BRANDON GARCIA, JOHN WILLIAMS, MARK PROCACCINI, FRANK AGOSTA, SUSAN WINFREE, JOHN/JANE DOES 1-10**<br><br>Defendants. | Civil Action No. 24-cv-09564 (BRM)(SDA)<br><br>Hon. Stacey D. Adams<br><br>**OPINION**<br><br>May 30, 2025 |

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court on the Motion to Disqualify Plaintiff's Counsel, Peter W. Till, Esq. ("Till") filed by Defendants International Longshoremen's Association, Local 235 ("ILA Local 235") and Brandon Garcia ("Garcia") (together, "Defendants") (ECF No. 8). Plaintiff Wilfredo Pagan ("Plaintiff") opposed the motion (ECF No. 15) and Defendants filed a reply (ECF No. 17). The crux of the disqualification motion is that Till previously represented Garcia in 2018 in connection with an inquiry by ILA Local 235 related to his run for president, and is therefore conflicted from now being adverse to him.

Related to the disqualification motion, Plaintiff served a third-party subpoena on the law firm of Walsh Pizzi O'Reilly and Falanga ("Walsh Pizzi") seeking its file from the inquiry made into Garcia by the late Judge Pisano (then associated with the firm) in his capacity as Ethical

Practices Officer for ILA Local 235. After Walsh Pizzi objected to the subpoena on the grounds of privilege and relevance, Plaintiff sought leave to file a motion to compel. (ECF No. 25).

Upon reviewing the parties' submissions, the Court requested supplemental information from the parties and Walsh Pizzi. (ECF Nos. 33 and 34). Due to the potentially privileged nature of the information requested, the Court Ordered the supplemental submissions to be provided *in camera*. Specifically, the Court asked Garcia to provide a certification describing what confidential information or facts were provided to Till that he feels could be used against him or are relevant to the instant matter filed by Plaintiff. (ECF No. 33). The Court also asked ILA Local 235 to provide a certification explaining the nature of its relationship with Judge Pisano. (*Id.*). Finally, the Court asked Walsh Pizzi to provide a copy of its file concerning Judge Pisano's inquiry into Garcia. (ECF No. 34). The parties timely submitted to the Court for its *in camera review* (i) a Certification from Brandon Garcia dated April 24, 2025 ("Garcia Cert."); (ii) a Certification from Kevin Marrinan on behalf of the International Longshoremen's Association ("ILA") dated April 25, 2025 ("Marrinan Cert."); and (iii) Walsh Pizzi's file from the inquiry made into Brandon Garcia by the late Judge Pisano in his capacity as Ethical Practices Officer for ILA Local 235 (the "Walsh File").

For the reasons described herein, the Court concludes that there is no basis for disqualifying Till under applicable Rules of Professional Conduct ("RPC"). Further, upon review of Walsh File, the Court concludes that the documents are privileged or confidential and therefore protected from disclosure under Fed. R. Civ. P. 45(d)(3)(a)(iii). More importantly, the documents in the Walsh File are wholly irrelevant to the instant matter, a conclusion which further supports the Court's decision not to disqualify Till. Accordingly, Defendants Motion for Disqualification of Till is **DENIED** and Plaintiff's request for leave to file a motion to compel is also **DENIED**.

# FACTUAL BACKGROUND

**I.      Plaintiff's Allegations in The Instant Matter**

Plaintiff filed the instant Complaint on September 11, 2024 in Union County Superior Court. (ECF No. 1-1 (Compl.)). It was removed to this Court on October 1, 2024. (ECF No. 1). Plaintiff was employed by Defendant A.P. Moeller-Maersk Corp. ("Maersk") from June 2012 through January 2023, and was a member of ILA Local 235 for the entirety of his employment. (Compl. ¶¶ 16, 18). Plaintiff's employment was terminated for misconduct after he allegedly texted an inappropriate image to three co-workers. (*Id.* ¶¶ 26-33, 57-59). Plaintiff challenges his termination in the lawsuit. He claims he was never provided with the identities of two of the alleged complainants, the complaints the victims allegedly filed, the incriminating photographs, the investigation report, or any prehearing disclosure/discovery materials. (*Id.* ¶¶ 60-64).

Relevant to the instant motion, Plaintiff also alleges he received ineffective advice from his union, ILA Local 235, and its president, Garcia. (*Id.* ¶¶ 39, 44). He claims Garcia directed him not to file a formal grievance or hire an attorney, and advised Plaintiff he would take action to have him reinstated through "back channels." (*Id.* ¶¶ 39-44). A few months later, in April 2023, Garcia contradictorily instructed Plaintiff to file a grievance, which he did, but continued to instruct not to hire an attorney. (*Id.* ¶ 47).

The grievance hearing took place on June 14, 2023. (*Id.* ¶ 50). The union's business representative was present. (*Id.* ¶ 51). Plaintiff was not represented by counsel. (*Id.* ¶ 52). The termination was upheld. (*Id.* ¶ 65). According to Plaintiff, Garcia then directed him not to file an appeal. (*Id.* ¶ 67). Plaintiff sues all Defendants for breach of due process, civil conspiracy, and emotional distress; and additionally sues ILA Local 235 and Garcia for breach of the duty of fair representation. (*Id.*). Plaintiff retained Till to represent him in this lawsuit.

## II.     Till's Prior Representation of Garcia[1]

In or around 2004, ILA – not to be confused with ILA Local 235 – adopted a Code of Ethics that was incorporated into its Constitution.[2] The Code established the role of an Ethical Practices Officer, an independent attorney hired by the ILA to enforce the Code, conduct investigations, provide training, and provide confidential legal advice. (ILA Const., Art. VII, ¶ 2). Importantly, the Constitution states: "[t]he Ethical Practices Officers' role does not include the investigation of routine complaints or grievances by members… unless the matter also involves an allegation of organized crime influence, corruption, or prohibited conduct [as defined in] Part VI above." (*Id.* ¶ 3). Part VI of the Constitution sets forth a variety of prohibited conduct. (*Id.*, Art. VI). Among other things, it prohibits officers and representatives from "knowingly and improperly associating with individuals barred from union activity." (*Id.*).

Judge Pisano was retained by the ILA to serve as its Ethical Practices Officer in November 2016. A review of the retainer agreement between ILA and Judge Pisano (and the Walsh Pizzi firm where he was then employed) makes it clear he was hired in his capacity as an attorney. The retainer agreement also establishes that all communications between the ILA and Judge Pisano were privileged, confidential, subject to the attorney-client privilege, and not to be divulged to any third party without the ILA's permission. The ILA is a separate and distinct entity from Local ILA 235 and is not a party in the instant action.

In 2018, Garcia ran for President of ILA Local 235, a position he ultimately obtained. On August 29, 2018, Judge Pisano, in his capacity as Ethical Practices Officer, requested an interview

---

[1] Without disclosing any privileged communications, the following facts are gleaned from the Court's *in camera* review of the Garcia Cert., the Marrinan Cert. and the Walsh File.
[2] The ILA's Constitution is publicly available on its website at https://ilaunion.org/wp-content/uploads/ILA-Constitution-2020.pdf ("ILA Const.")

with Garcia because of his familial relationships with individuals on ILA's "Barred Persons" list. Garcia retained Till to represent him in connection with this interview and Judge Pisano's investigation. Garcia met with Till one time in his office on September 4, 2018, and then briefly again on September 6, 2018 immediately before he and Till met with Judge Pisano and an associate for roughly one hour. On September 25, 2018, Judge Pisano notified ILA's General Counsel, via confidential and privileged memorandum, of his conclusion that Garcia was not barred from pursuing election as President of ILA Local 234 based upon his familial relationships. Garcia won the election a few days later. At that point, Garcia's relationship with Till ceased.

Now, Defendants file the instant Motion to disqualify Till from serving as Plaintiff's counsel, on the basis that there is a conflict under R.P.C. 1.9 because Till previously represented Garcia in connection with the 2018 interview by Judge Pisano, and currently represents Plaintiff in the instant lawsuit, which is adverse to Garcia.[3]

## LEGAL ANALYSIS

I.  **Motion to Disqualify Counsel**

   A.  **Standard**

Local Civil Rule 103.1 subjects members of the bar of the District of New Jersey to the New Jersey Rules of Professional Conduct. *HP Ingredients Corp. v. Sabinsa Corp.*, No. 21-cv-16800 (GC) (RLS), 2022 WL 3363231, at *3 (D.N.J. Aug. 10, 2022). R.P.C. 1.9 addresses a lawyers' duty to his former clients and provides, in relevant part:

> (a) A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.

---

[3] Hereinafter, Till's representation of Garcia in 2018 shall be referred to as the "Pisano matter."

\* \* \*

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client
>
> R.P.C. 1.9

"Although doubts are to be resolved in favor of disqualification, a party seeking to disqualify counsel carries a heavy burden and must satisfy a high standard of proof." *Essex Chem. Corp. v. Hartford Acc. & Indent. Co.*, 993 F. Supp. 241, 246 (D.N.J. 1998) (citations omitted). When disqualification is requested under R.P.C. 1.9, the former client has the initial burden of proving that he was previously represented by the attorney whose disqualification is sought. *City of Atlantic City v. Trupos*, 201 N.J. 447, 462-63 (2010) Once that burden is met, the burden shifts to the attorney to demonstrate that the prior matter is not the same or substantially related to the current lawsuit. *Id.* at 463. However, the burden of persuasion remains at all times with the moving party to prove disqualification is justified. *Trupos*, 201 N.J. at 463.

For purposes of R.P.C. 1.9, matters are deemed to be substantially related if (1) the lawyer for whom disqualification is sought received confidential information from the former client that can be used against that client in the subsequent representation of parties adverse to the former client, or (2) facts relevant to the prior representation are both relevant and material to the subsequent representation. *Trupos*, 201 N.J. at 467. Determination of whether two matters are substantially related "turn[s] on the identification of any particular confidence[s] having been

revealed." *Dental Health Assocs. South Jersey, P.A. v. RRI Gibbsboro, LLC*, 471 N.J. Super. 184, 194 (App. Div. 2022) (quoting *Twenty-First Century Rail Corp. v. N.J. Transit Corp.*, 210 N.J. 264, 278 (2012)). This requires the court to undergo "a fact-sensitive analysis to ensure that the congruity of facts, and not merely similar legal theories, governs whether an attorney ethically may act adverse to a former client." *Trupos*, 201 N.J. at 466.

Whether the matters are the same or substantially related must be based in fact, not just the appearance of impropriety. *Id.* at 464 (citing *In Re. Sup. Ct. Adv. Comm. on Prof'l Ethics Op No. 697*, 188 N.J. 549, 562 n.5 (2006). "It is well settled that because motions to disqualify can have such drastic consequences, courts disfavor such motions and grant them only 'when absolutely necessary.'" *Rohm & Haas Co. v. American Cyanamid Co.*, 187 F. Supp. 2d 221, 226 (D.N.J. 2001) (internal citations omitted).

**B. Analysis**

Here, there is no dispute that Garcia is a former client of Till, and that Plaintiff's interests in this lawsuit are materially adverse to Garcia. As Defendants have satisfied this initial burden, the burden then shifts to Till demonstrate that the Pisano matter and the instant matter are neither the same nor substantially related. There is no question that this matter is not the same as the former matter. The former matter involved Till providing advice to Garcia when he was being vetted for president of ILA Local 235 and questioned about his possible affiliation with individuals on the "Barred List." The current matter involves allegations made 6 years later by an unrelated union member concerning the termination of his employment.

The Court therefore turns its focus to whether the Pisano matter is substantially similar to the instant matter. The two matters will be deemed substantially related only if: (1) Till received confidential information from Garcia that can be used against him in this matter, or (2) facts learned

by Till from Garcia in connection with the Pisano matter are both relevant and material to the instant matter. A review of the information provided, including the confidential information provided to the Court *in camera*, unequivocally establish that the two matters are not substantially related.

Till was retained for the limited purpose of advising Garcia with respect to his meeting with Judge Pisano in 2018. A review of the Walsh Pizzi file and Garcia's confidential certification make it clear that the limited focus of Judge Pisano's inquiry was whether Garcia was improperly associating with persons on ILA's "Barred List" in violation of ILA's Code of Ethics. Judge Pisano ultimately determined there was no violation of the Code, and Till has been President of ILA Local 235 ever since. Till certified his representation of Garcia was "confined to preparatory matters leading up to Judge Pisano's interview and certainly seeking to preclude any potential criminal exposure that could result from Mr. Garcia's responses to Judge Pisano's inquiry." (ECF. No. 15 ("Till Cert.") ¶ 11). Beyond his familial relations, there may have been minimal discussion between Till and Garcia about how Garcia intended to lead the union if elected, but that information was widely publicized to the union members who ultimately elected him. Till confirmed he has not conferred with Garcia since 2018. (*Id.* ¶ 12).

Neither Defendants' opening brief, nor their reply, identified any confidential information disclosed by Garcia to Till during the course of the 2018 representation that would be relevant or material to the instant matter. Perhaps concerned about the disclosure of privileged information, the Court afforded Garcia the opportunity to provide a more detailed factual basis in a supplemental *in camera* certification. That certification did little to strengthen Garcia's arguments in favor of disqualification. While the Court will not disclose in detail the confidential information shared in that certification, Garcia's principal concern is centered on Plaintiff's civil conspiracy

count, in which Plaintiff alleges that Defendants slandered him and participated in a scheme to deprive him of his rights. (Compl., Fourth Count). Garcia focuses on a sentence in that count wherein Plaintiff alleged that Defendants "engaged in the malicious, willful and fraudulent commission of wrongful acts…" as a basis for seeking punitive damages. (Compl., ¶95). From these limited allegations, Garcia surmises that Till will somehow use information he learned about Garcia's family from the Pisano matter to paint Garcia in a negative light in the instant matter.

    Simply put, this is a stretch. The Complaint makes it clear the civil conspiracy count is based upon Plaintiff's belief that he was targeted by Defendants due to his association with previous litigation against American Stevedore (*Id.* ¶ 88). Never once has there been any assertion that Plaintiff's termination, or Defendants' advice to him as to how to best challenge that termination, had anything to do with the inquiry into Garcia's familial relationships by Judge Pisano.[4]

    Garcia also broadly alleges that he shared with Till during 2018 presidential run his ideas about problems with the then incumbent administration – including a lack of transparency with regard to labor relations and grievances. Nowhere does Garcia claim this information was confidential, nor would there appear to be any basis for deeming them such. Garcia was in the midst of a presidential run at the time he retained Till. Indeed, he was elected president of ILA Local 235 only a few days after Judge Pisano issued his memorandum. Garcia's criticism of the

---

[4] Garcia's concern that Till has already breached confidences, or attempted to paint Garcia in a bad light, by sharing the "Barred List" with the Court is unconvincing. The only reason Till provided that information was in opposition to the motion to disqualify him, to show the Court how far removed his representation of Garcia in the Pisano matter in 2018 was from the instant case. Further, the "Barred List" is not something Till received confidentially from Garcia. The existence of the "Barred List" is specifically referenced in the ILA's Constitution, as part of its Code of Ethics, which is a publicly available document. ILA Const. Art. VI, ¶ 1(d) (Prohibited conduct includes "knowingly and improperly associating with individuals barred from union activity, as set forth in Appendix B").

then current administration and his promises concerning how he intended to change things and run the union going forward were part of his campaign and communicated to those who ultimately voted him into the office. Garcia's certification lacks even a single specific reference to something confidential that was shared with Till that might be remotely relevant to his decision making process with regard to an individual union member's termination 6 years later.

In this situation, there is simply no basis for finding that Till was privy to any confidential information that he might use against Garcia in this case, or that the information Till learned from Garcia in the Pisano matter is relevant and material to Plaintiff's claims in the instant case. Therefore, this matter is not substantially similar to the Pisano matter and there is no conflict with Till's ongoing representation of Plaintiff in the this matter. *Compare Southward v. Elizabeth Bd. of Educ.*, No. 15-cv-3699 (ES) (JAD), 2015 WL 8780536, at *4 (D.N.J. Dec. 14, 2015) (matters not substantially related when they involved similar legal theories but not a "congruity of facts"); *Trupos*, 201 N.J. at 468 (matters not substantially related where attorney represented municipality in connection with real estate tax appeals, then later represented plaintiffs suing municipality for improper tax assessments) *with Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 17-cv-6664 (BRM) (DEA), 2018 WL 6171819 (D.N.J. Nov. 26, 2018) (matters were substantially related and disqualification was warranted where law firm previously represented one party in the prosecution of four patents, then represented the opposing party in patent infringement lawsuit regarding those same patents); *Fragoso v. Zheun Piao*, 433 F.Supp.3d 623, 630 (D.N.J. 2019) (disqualification was warranted where attorney represented plaintiff in lawsuit regarding defendant's business registration and had previously represented defendant in obtaining such business registration).

In sum, Defendants do not meet the high standard of proof required in disqualification motions. Any confidential information Garcia shared with Till in the prior matter has no relation

to, and cannot be used against Defendants in, the instant matter. Therefore, the two matters are not substantially similar and there is no basis for disqualifying Till. Accordingly, Defendants' motion for disqualification of Till is DENIED. Of course, Till remains bound at all times by R.P.C. 1.9(c), which prohibits him from using or revealing any information he learned during the former representation to the disadvantage of Garcia.

II.     **Motion to Compel Against Walsh Pizzi**

Given that the motion to disqualify Till is being denied, the Court assumes the request by Plaintiff to obtain Walsh Pizzi's file is now moot, as the only reason that file was sought by Till was to oppose the instant motion. However, the Court has conducted an in camera review of the Walsh Pizzi file, as well as the ILA certification explaining the relationship between Judge Pisano and ILA, and adds the following observations.

First, it is clear that Judge Pisano was hired by ILA in his capacity as an attorney, and that a privilege existed between Judge Pisano and ILA. That privilege belongs to ILA – a third party who is not a litigant in this matter – and only ILA can waive it, which it declines to do. Second, a review of the contents of the file reveals that – with very few exceptions – it is replete with attorney-client communications, attorney work product, and investigatory documents protected by the self-critical analysis. Thus, they are immune from production. The only non-privileged documents relate to litigation that has nothing to do with any of the litigants in this case. Third, for the reasons explained above, Judge Pisano's file related to his inquiry into Garcia has no relevance to the instant matter – which is focused on why Plaintiff's employment was terminated and whether he was properly represented by Defendants in the grievance process. Accordingly, under no circumstances would the file be subject to production and the request for leave to file a motion to compel is therefore DENIED.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Disqualify (ECF No. 8) is **DENIED**.

Further, Plaintiff's request for leave to file a Motion to Compel (ECF No. 25) is **DENIED.**

*s/ Stacey D. Adams*
Stacey D. Adams
United States Magistrate Judge